IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. 3:22cr91

**SHENYRUS SCARBOROUGH,**

Petitioner.

## MEMORANDUM OPINION

Shenyrus Scarborough, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("Motion"). (ECF No. 48.) The Government responded, asserting that the sole claim raised in the Motion is without merit. (ECF No. 50) Scarborough has filed a reply. (ECF No. 51.) For the reasons set forth below, the Motion (ECF No. 48) will be DENIED.

### I. Procedural History

On June 21, 2022, a grand jury returned a one-count indictment charging Scarborough with distribution of fentanyl, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (ECF No. 3.) On September 21, 2022, pursuant to a plea agreement, Scarborough pled guilty to that charge. (ECF No. 20.) The United States Office of Probation and Pretrial Services prepared a Presentence Investigation Report (ECF No. 25) before Scarborough's sentencing hearing, which occurred on January 18, 2023, and at which the Court determined that Scarborough was a career offender under the United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1. (ECF No. 25, ¶¶ 23, 50.) Scarborough's classification as a career offender was based on three prior convictions in South Carolina's Court of General Sessions: (1) a 2011 conviction for trafficking in cocaine (28 to 100 grams), in violation of S.C. Code § 44-53-370(e) (ECF No. 25, ¶ 44; ECF No. 50-1); (2) a 2011 conviction for trafficking in crack cocaine (10 to 28 grams), in violation of

S.C. Code § 44-53-375(C) (ECF No. 25 ¶ 44;. ECF No. 50-2); and (3) a 2019 conviction for possession with intent to distribute marijuana, in violation of S.C. Code § 44-53-370(b)(2) (ECF No. 25, ¶ 46; ECF No. 50-3.) The Court found that, by virtue of his designation as a career offender, Scarborough's offense level was 32 and his criminal history level was VI. (ECF No. 25, ¶¶ 23, 50.) Because Scarborough accepted responsibility, however, he received a three-point reduction to his offense level, resulting in a total offense level of 29. (ECF No. 25, ¶¶ 24–26.) As a result, Scarborough's sentencing guidelines range was between 151–188 months of incarceration. (ECF No. 25, ¶ 103.)

Counsel did not object to Scarborough's classification as a career offender, but did request a downward variance to a range of 92–115 months of imprisonment. (ECF No. 29.) Ultimately, the Court sentenced Scarborough to 120 months of imprisonment followed by three years of supervised release. (ECF No. 34.) Scarborough did not appeal.

On August 1, 2023, Scarborough placed the Motion in the prison mailing system. (ECF No. 48 at 12.) He raises a single claim for relief:

> Claim One   "[D]efense counsel rendered constitutionally inadequate representation because counsel did not challenge the application of the Career Offender Enhancement." (ECF No. 48-1, at 1–2 (capitalization corrected).)

More specifically, in the Motion, Scarborough identifies two of his prior convictions—(1) a 2001 conviction for conspiracy to distribute and possession with intent to distribute heroin; and (2) a 2012 conviction for simple possession of marijuana (*see* ECF No. 48-1 at 1–2)—that he claims cannot serve as predicate offenses for his career offender designation and argues that his counsel was ineffective for failing to dispute the designation on this basis. (ECF No. 48-1.) Scarborough appears to concede in the Motion, however, that his 2011 conviction for trafficking in cocaine does constitute a predicate offense. (*See* ECF No. 48-1 at 2 (arguing that 2001 and 2012

2

convictions "cannot be used as predicate offense[s] for career offender enhancement" but writing the word "concedes" after 2011 conviction for trafficking in cocaine).) On August 23, 2023, the Government responded to the Motion, arguing that (1) the convictions Scarborough identifies are not those upon which he was found to be a career offender and (2) counsel was in any event not ineffective for failing to dispute the career offender designation, as to do so would have been to raise a meritless argument. (ECF No. 50.) In his reply, Scarborough reverses course regarding his 2011 trafficking convictions, newly arguing that these convictions, as well as his 2019 conviction for possession with intent to distribute marijuana, were not qualifying predicate offenses consistent with *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022). (ECF No. 51.)

## II. Analysis

The Court considers whether Scarborough's counsel rendered constitutionally ineffective assistance by failing to argue that Scarborough's South Carolina state convictions for (1) trafficking in cocaine and crack cocaine[1] and (2) possession with intent to distribute marijuana were not valid "controlled substance offenses" supportive of his career offender designation.[2] *See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019) ("With that as

---

[1] The Government notes that Scarborough's trafficking convictions arose out of the same incident and therefore constitute only a single predicate offense in support of a career offender designation. (ECF No. 50 at 2, n.2.)

[2] At the outset, the Court observes that Scarborough initially misidentified the convictions that served as the predicate offenses for his career offender designation and improperly challenges the correct predicate offenses for the first time in his reply brief. (*Compare* ECF No. 48-1 *with* ECF No. 51.) The Court could dismiss Scarborough's arguments on this basis alone. *See, e.g., Snyder v. United States*, 263 F. App'x 778, 779 (11th Cir. 2008) (affirming district court's decision not to specifically address a new claim advanced for the first time in a § 2255 reply brief); *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 446 (E.D. Va. 2011) (citation omitted) (explaining that "[t]ypically, courts will not consider an argument raised for the first time in a reply brief" as the "opposing party is prejudiced in its ability to respond to the new argument"). Here, however, because the Government addresses the proper predicate offenses in its response to the Motion, it is not prejudiced by Scarborough's misstep, and the Court will not dismiss Scarborough's arguments on this technical basis.

3

background, we turn to the issue in this case: not whether Virginia's abduction offense in fact constituted a crime of violence under the career offender Guideline in effect in 2013, but whether Morris's trial lawyer rendered constitutionally ineffective assistance by failing to argue the issue."). The Court concludes that Scarborough's counsel was not ineffective for failing to raise this issue.

A. <u>Ineffective Assistance of Counsel Standard</u>

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component, meanwhile, requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In applying *Strickland*'s performance prong, a district court's "scrutiny of counsel's performance [must be] highly deferential," *Strickland*, 466 U.S. at 689, and start with "a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance," *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). To avoid the distorting effects of hindsight, claims under *Strickland*'s performance prong "are evaluated in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017) (citing *Winston v.*

4

*Pearson*, 683 F.3d 489, 504 (4th Cir. 2012)). Consistent with this principle, a lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent. *See United States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014). Nor does counsel fall below *Strickland*'s standard of reasonableness by failing to anticipate changes in the law, or to argue for an extension of precedent. *See, e.g., United States v. Dyess*, 730 F.3d 354, 363 (4th Cir. 2013).

Even so, counsel sometimes must make arguments "in the absence of decisive precedent." *Carthorne*, 878 F.3d at 465–66. Indeed, even where the law is unsettled, counsel must raise a material objection or argument if "there is relevant authority strongly suggesting" that it is warranted. *Id.* at 466 (citations omitted); *see also id.* at 469 (describing obligation of counsel to object to sentencing enhancement where then-existing precedent provides a "strong basis" for the objection). In other words, although defense attorneys need not predict every new development in the law, "they are obliged to make [ ] argument[s] that [are] sufficiently foreshadowed in existing case law." *Shaw v. Wilson*, 721 F.3d 908, 916–17 (7th Cir. 2013) (citations omitted); *see also Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) ("We have repeatedly held that counsel is not ineffective for failing to predict developments in the law, unless they were clearly foreshadowed by existing decisions.").

### B. Career Offender Designation

In pertinent part, Section 4B1.1 of the U.S.S.G. provides that:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

5

Section 4B1.2(b), in turn, provides:

> **(b) Controlled Substance Offense.**—The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>> (1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense; or
>>
>> (2) is an offense described in 46 U.S.C. § 70503(a) or § 70506(b).

U.S.S.G. § 4B1.2(b).

### C. <u>Application</u>

Here, as to Scarborough's career offender designation, there is no dispute that (1) Scarborough was at least 18 at the time he committed the offense of conviction or (2) the crime of conviction was a controlled substance offense as defined by the U.S.S.G. There is similarly no dispute that Scarborough's predicate convictions were "offense[s] under . . . state law, punishable by imprisonment for a term exceeding one year[.]" *See* U.S.S.G. § 4B1.2(b). The parties *do* dispute, however, whether Scarborough's predicate offenses were valid controlled substance offenses. As to this issue, Scarborough posits that the statutes pursuant to which he was convicted proscribed "inchoate conduct and so are [not] 'controlled substance offenses' within the meaning of the [U.S.S.G.]" (ECF No. 51 at 1–2.)

The parties do not appear to have identified any precedent directly addressing whether Scarborough's 2011 and 2019 convictions would have constituted valid predicate offenses at the time of sentencing. Accordingly, the Court must determine whether the authority available at the time of sentencing "strongly suggested" that the convictions were not legitimate predicate offenses under the U.S.S.G. such that constitutionally competent counsel would have raised an objection. *See Morris*, 917 F.3d at 824; *Carthorne*, 878 F.3d at 468.

6

Scarborough argues that two cases—*United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), and *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022)—support his argument that his counsel should have objected. (*See* ECF No. 48-1 at 2.) The Court needs not address the former case, which concluded in relevant part that a conspiracy conviction under 18 U.S.C. § 846 "is a categorical mismatch to the generic crime of conspiracy enumerated in [U.S.S.G.] § 4B1.2(B)[,]" *Norman*, 935 F.3d at 239, because Scarborough's 2001 conspiracy conviction did not serve as a predicate offense for his career offender designation. (*See* ECF No. 50 at 3–4.)

The second case, *Campbell*, warrants brief discussion, but is ultimately not persuasive. There, the Fourth Circuit considered whether an "attempt" offense could qualify as a "controlled substance offense" under the U.S.S.G. and found that it cannot. *See Campbell*, 22 F.4th 438. The statutory provisions at issue in that case, West Virginia Code §§ 60A-1-101(h), 60A-4-401(a), were divisible statutes that in part prohibited the "attempted transfer [of controlled substances] from one person to another[.]" *Id.* at 441–42. Because "the least culpable conduct criminalized by the [ ] statute"—attempt—could not constitute a predicate offense under the U.S.S.G., the Fourth Circuit vacated Campbell's sentence, which the district court had imposed improperly by applying the career offender enhancement. *Id.* at 449.

Scarborough reasons that here, like in *Campbell*, the statutes pursuant to which he was convicted are divisible and can be violated by a mere "attempted distribution" and therefore do not qualify as predicate offenses under the U.S.S.G. (*See* ECF No. 51 at 1–4.) His implicit argument is that his attorney should have invoked *Campbell*'s reasoning to argue that the South Carolina statutes under which he was convicted were also not valid predicate offenses.

This argument is superficially compelling, but does not withstand scrutiny. Indeed, the Fourth Circuit's analysis in *United States v. Davis*, 75 F.4th 428 (4th Cir. 2023)—a decision

7

issued roughly six months after Scarborough's sentencing, but which explores the relevant legal landscape *before* sentencing—sets forth why Scarborough's argument is without merit.

In *Davis*, the Fourth Circuit analyzed a distinct, albeit structurally similar, South Carolina law to the ones Scarborough now challenges. The statute in question, South Carolina Code § 44-53-375(B), penalizes any person who "distributes . . . cocaine base." *See* S.C. Code § 44-53-375(B). Exploring the statute further, the Fourth Circuit explained that the term "distribute" means "to deliver . . . a controlled substance[,]" and that the word "deliver" is defined under South Carolina law as "the actual, constructive, or attempted transfer of a controlled substance." *Davis*, 75 F.4th at 443. Despite the fact that the term "'distribute' includes the 'delivery' act of 'attempted transfer,'" the court found that an "attempted transfer" is actually a completed distribution and not an attempt, because to find otherwise would "render the word 'attempt'—as otherwise utilized in South Carolina Code section 44-53-375(B)—wholly superfluous." *Id.* Therefore, Section 44-53-375(B) defined "drug distribution offenses . . . separately from attempt offenses[,]" *id.* at 444–45, unlike the West Virginia statute at issue in *Campbell*.

In making its finding, the *Davis* court invoked a South Carolina state court's own interpretation of the term "distribute" under state law and the state court's conclusion that "the [state] legislature intended to punish one who distributes crack cocaine"—including "the 'culprit' who falls short of accomplishing his or her purpose"—and that "no completed sale is required to constitute a distribution." *Id.* at 443 (quoting *State v. Brown*, 461 S.E. 2d 828, 831 (S.C. Ct. App. 1995)).

The Fourth Circuit also highlighted several other federal circuit courts' examinations of analogous federal and state drug distribution statutes and their conclusions that attempted transfers often amounted to completed distributions rather than attempt crimes. *See United*

*States v. Dawson*, 32 F.4th 254, 259 (3d Cir. 2022) (assessing Pennsylvania law and ruling that a "drug 'delivery' is a complete[d] offense, whether it is committed via actual or attempted transfer of drugs"); *United States v. Booker*, 994 F.3d 591, 595–96 (6th Cir. 2021) (interpreting 21 U.S.C. § 841(a)(1)); *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020) ("[T]he definition of delivery used under Michigan (and federal) law—again, 'the actual, constructive, or attempted transfer of a controlled substance'—does not include 'attempted delivery.' Instead, it includes only 'attempted transfer.' And an attempted transfer qualifies as a completed delivery.") (internal citations omitted).

The provisions that Scarborough now challenges are either subsections of statutes the Fourth Circuit has already assessed and found to be divisible or are structurally analogous in that they "set[] forth separate offenses with different elements." *See United States v. Boyd*, 55 F.4th 272, 277 (4th Cir. 2022) (citing *United States v. Marshall*, 747 Fed. App. 139, 150 (4th Cir. 2018); *United States v. Kershaw*, 779 F. App'x 172, 173 (4th Cir. 2019)). They also proscribe the distribution or delivery of controlled substances and separately criminalize either attempt offenses or intent with possession to distribute, as relevant. *See* S.C. Code § 44-53-370(a)(1)[3] ("[T]o manufacture, *distribute*, dispense, deliver, purchase, aid, abet, *attempt, or conspire to manufacture, distribute*, dispense, deliver, or purchase, or *possess with the intent* to manufacture, *distribute*, dispense, *deliver*, or purchase a controlled substance . . . .") (emphasis added); S.C.

---

[3] Scarborough was convicted under S.C. Code § 44-53-370(b)(2), not S.C. Code § 44-53-370(a)(1). (*See* ECF No. 50-3.) The Court nevertheless lists S.C. Code § 44-53-370(a)(1) in this portion of the opinion because Subsection (a)(1) proscribes conduct, while Subsection (b)(2) merely sets forth penalties for violations Subsection (a)(1) based on the category of controlled or counterfeit substance at issue, *see* S.C. Code § 44-53-370(b)(2) ("A person who violates subsection (a) with respect to: . . . ."), and the Court's analysis focuses on the conduct elements of Scarborough's convictions rather than the type of controlled substances relevant to those convictions.

Code § 44-53-370 (e)(2)(B) ("Any person who knowingly . . . *delivers* . . . or who provides financial assistance or otherwise . . . *attempts, or conspires to* . . . *deliver* . . . .") (emphasis added); S.C. Code § 44-53-375(C) ("A person who knowingly sells, manufactures, *delivers*, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, *attempts, or conspires to sell, manufacture, deliver*, purchase, or bring into this State . . . .") (emphasis added). Scarborough was convicted under the portions of the statutes that criminalized distribution, delivery, or possession with intent to distribute and not an attempt offense. (*See* ECF Nos. 50-1 – 50-3).

Consistent with the reasoning above, the Court cannot conclude that precedent at the time of Scarborough's sentencing "strongly suggest[ed]" or "foreshadowed" that his South Carolina convictions could be deemed invalid predicate offenses for a career offender designation. Accordingly, counsel's failure to challenge Scarborough's career offender enhancement did not constitute deficient performance under *Strickland*. And having found no deficient performance, the Court needs not address *Strickland*'s prejudice prong. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

### III. Conclusion

For the foregoing reasons, the Motion (ECF No. 48) will be DENIED.[4] An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: 07/17/2025
Richmond, Virginia

M. Hannah Lauck
United States District Judge

---

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Scarborough has not satisfied this standard.

11